IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MUDDU OILS REFINERY LTD., § | | |
|     PLAINTIFF, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 4:06-CV-825-BE |
| § | | |
| J.R. (COLLETTE) DYKES and J.R. DYKES § | | |
| SALES & SERVICE, INC., § | | |
|     DEFENDANTS. § | | |

MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (doc. 10), filed January 29, 2007, and Plaintiff's Motion for Leave to Amend Complaint (doc. 30), filed March 17, 2007. Having considered the motions and other pleadings on file, the court finds that granting leave to amend the complaint should be denied and that this action should be dismissed because the amount in controversy does not meet the requisite jurisdictional amount. *See generally* 28 U.S.C. § 1332; FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(h)(3).

A.   HISTORY

Plaintiff Muddu Oils Refinery Limited is a private company incorporated under the laws of the Republic of Uganda with its principal place of business in Kampala, Uganda. Dykes is an individual residing in Hood County, Texas, while J.R. Dykes Sales & Service is a Texas corporation. The defendants will be collectively referred to as "J.R. Dykes" for present purposes only.

Muddu asserts that it paid $71,900 to J.R. Dykes in November 2002 as a deposit on the purchase of used agricultural equipment with a total purchase price of $805,461. Muddu asserts that the agreement was contingent on its ability to obtain financing for the equipment from a Ugandan financial institution and also asserts that the agreement was not considered consummated until Muddu had paid 30% of the total invoice, i.e., $241,638.30. Muddu was unable to obtain financing

and made several oral and written demands for a refund of $71,900, which J.R. Dykes allegedly ignored. On April 12, 2005, J.R. Dykes sent an email to Muddu informing the company that it had lost its deposit.

After additional efforts to recover the deposit were unsuccessful, Muddu filed this civil action on November 22, 2006, seeking damages of $71,900 plus interest. J.R. Sykes has filed a motion to dismiss this action for lack of subject-matter jurisdiction.[1] Muddu has filed a motion to amend the complaint to specify that it is seeking damages in excess of jurisdictional requirements.

B.   DISCUSSION

   1.   Amended Complaint

Muddu's proposed amended complaint asserts damages totaling $246,254.21, consisting of the $71,900 deposit plus the interest that Muddu has been paying to a foreign financial institution apparently pursuant to a loan Muddu had obtained for the principal amount of $71,900. A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, a party may amend its pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. FED. R. CIV. P. 15(a). Defendants filed an answer in this action on January 29, 2007.

J.R. Sykes argues that leave should not be granted because amendment would be futile. Among the acceptable justifications for denying leave to amend are undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in prior amendments, undue prejudice to the opposing party, and the futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962); *Jamieson ex rel. Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). Even if substantial

---

[1] Muddu submitted a response, but it was unfiled by court order for failure to comply with procedural requirements.

reason exists to deny leave, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave. *Jamieson*, 772 F.2d at 1208.

After reviewing Muddu's proposed complaint, and for the reasons discussed below, the court finds that granting leave to amend would makes no difference in the outcome because neither the original nor the amended complaint establishes jurisdiction. It is well established that if a complaint, as amended, would be subject to dismissal, then leave to amend need not be granted. *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir.1980), *abrogated on other grounds by* Todorov v. DCH Healthcare Auth., 921 F.2d 1438 (11th Cir.1991); *DeLoach v. Woodley*, 405 F.2d 496, 497 (5th Cir. 1969). Accordingly, Muddu's motion for leave to amend its complaint will be denied.

2.    Subject Matter Jurisdiction

The district court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2). The parties agree that diversity of citizenship exists in this action, but dispute whether the amount in controversy, exclusive of interests and costs, meets the $75,000 jurisdictional threshold. As the party invoking federal diversity jurisdiction, Muddu bears the burden of establishing the amount in controversy. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252 (5th Cir.1998).

In evaluating dismissal for want of jurisdiction in cases brought in the federal court, unless the governing law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *Id.* at 289, 58 S.Ct. at 590.

In the present action, Muddu seeks a refund of $71,900 plus interest paid to a third-party lender. If interpreted literally, Section 1332 would exclude interest in any form when determining the amount in controversy; however, the apparent purpose of excluding interest in calculating the jurisdictional amount is to prevent the plaintiff from delaying suit until the claim, with accrued interest, exceeds the statutory minimum. *Brainin v. Melikian,* 396 F.2d 153, 155 (3rd Cir. 1968); *Roberts v. Chandaleur Homes, Inc.*, 237 F. Supp. 2d 696, 697 (S.D. Miss. 2002). The Supreme Court has also drawn a distinction between interest as such and interest that is an essential ingredient of the plaintiff's principal claim. *See Brown v. Webster*, 156 U.S. 328, 329-30, 15 S.Ct. 377, 39 L.Ed. 440 (1895). Interest that is an integral part of the claim, such as interest owed as part of a contractual obligation and exacted as the agreed upon price for the hire of money, becomes part of the principal for jurisdiction purposes. *See Brainin*, 396 F.2d at 153-54; *Greene County v. Kortrecht*, 81 F. 241, 241 (5th Cir. 1897); *Roberts*, 237 F. Supp. 2d at 698. Conversely, interest serving as damages for the detention of money or delay in payment must be excluded when calculating the amount in controversy. *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979); *Regan v. Marshall*, 309 F.2d 677, 678 (1st Cir. 1962); *Albani v. D & R Truck Serv., Inc.*, 248 F. Supp. 268, 270-71 (D. Conn. 1965).

Muddu makes no allegation in its complaint or amended complaint that J.R. Sykes is contractually bound to pay interest on the deposit, was a party to the third-party financing transaction, or was even aware that the $71,900 represented borrowed funds.[2] Instead what Muddu appears to be seeking is money to compensate it for J.R. Sykes' alleged delay in refunding the deposit. Because the basis of this suit does not involve interest, and the interest claimed is only an

---

[2] Muddu does allege that J.R. Sykes was aware that the remainder of the financing for the purchase of the equipment would be obtained from a commercial bank and that Muddu's application for such financing was ultimately denied. (Plf. Am. Compl. ¶20).

4

incidental matter for purposes of Muddu's complaint, any claim for interest must be excluded from the determination of the amount in controversy. When the proper calculations are made, Muddu's principal claim is for the sum of $71,900, which falls short of the requisite jurisdictional amount.

## ORDER

Plaintiff's Motion to Amend Complaint is denied.

Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted.

SIGNED MARCH 26, 2007.


    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE